JUSTICE COTTER
dissents.
¶28 I dissent. Because service was properly and actually effected, I would affirm the judgment of the District Court.
¶29 The Court faults Plentywood for failing to strictly follow the requirements of M. R. Civ. P. 4(D). The Court concludes that Plentywood should not have served Advance through the Secretary of State under Rule 4D(2)(f), but rather should have effected service under M. R. Civ. P. 4(D)(3), the “personal service outside the state” Rule. I disagree with the Court’s analysis.
¶30 The Court relies upon Joseph Russell Rlty. Co. v. Kenneally, 185 Mont. 496, 605 P.2d 1107 (1980), for the proposition that there must be strict and literal compliance with each step of the procedure described in Rule 4D. Opinion, ¶ 16. Indeed, we stated in Russell that “[t]he key language in [Rule 4D(2)(f)] commands that reasonable diligence be used in locating the individuals listed in Rule 4 (D)(2)(e), M.R.Civ.P. These persons include the corporation’s registered agent and any director of the corporation.” Russell Realty, 185 Mont. at 502, 605 P.2d at 1110. In Russell Realty, we noted, among other things, that Kenneally and his attorney had had previous dealings with Joseph Russell Realty’s registered agent; therefore, they knew who to contact for service of process. However, rather than serve this registered agent, the realty company attempted service through the Secretary of State, and that service failed. We concluded that the failed service of process attempted through the Secretary of State did not confer jurisdiction over Russell Realty and the subsequent default judgment was void. Russell Realty, 185 Mont. at 502-03, 605 P.2d at 1111. Here, *341 by contrast, and as further explained below, we are dealing with an out-of-state corporation, whose individual agents or directors were unknown to Plentywood.
¶31 Plentywood served Advance via the Secretary of State under Rule 4D(2)(f). The relevant portions of 4D(2)(f) provide:
(2) Personal service within the state. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
(f) When a claim for relief is pending in any court of this state against a corporation ... organized under the laws of any other state ... which is subject to the jurisdiction of the courts of this state under the provisions of Rule 4B above, ... and none of the persons designated in D(2)(e) immediately above [i.e., officer, director, manager, ... superintendent or managing or general agent, or partner, or associate for such corporation] can with the exercise of reasonable diligence be found within Montana, the party causing summons to be issued shall exercise reasonable diligence to ascertain the last known address of any such person. If, after exercising reasonable diligence, the party causing summons to be issued is unsuccessful in serving said parties, an affidavit must be filed with the clerk of court in which the claim for relief is pending reciting that none of the persons designated in D(2)(e) can after due diligence be found within Montana upon whom service of process can be made, and reciting the last known address of any such person, or reciting that after the exercise of reasonable diligence no such address for any such person could be found.... The clerk of court shall issue an order directing process to be served upon the secretary of state of the state of Montana.... Such affidavit shall be sufficient evidence of the diligence of inquiry made by affiant, if the affidavit recites that diligent inquiry was made, and the affidavit need not detail the facts constituting such inquiry.... The said clerk of court shall then mail to the secretary of state the original summons, one copy of the summons and one copy of the affidavit for the files of the secretary of state, one copy of the summons attached to a copy of the complaint for each of the defendants to be served by service upon the secretary of state, and the fee for service, to the office of the secretary of state. The secretary of state shall mail copy of the summons and complaint by certified or registered mail with a *342 return receipt requested to the last known address of any of the persons designated in D(2)(e) above, if known, or, if none such is known and it is a corporation not organized in Montana, to the secretary of state of the state in which such corporation or limited liability company was originally incorporated, if known; and the secretary of state shall make a return as hereinafter provided under Rule 4D(6). When service is so made, it shall be deemed personal service on such corporation ... and the said secretary of state ... is hereby appointed agent of such corporation .... In any action where due diligence has been exercised to locate and serve any of the persons designated in D(2)(e) above, service shall be deemed complete upon said corporation ... regardless of the receipt of any return receipt or advice of refusal of the addressee to receive the process mailed, as is hereinafter required by 4D(6); provided, however, that except in those actions where any of the persons designated in D(2)(e) above have been located and served personally as hereinabove provided, then service by publication shall also be made as provided hereafter in 4D(5)(d) and 4D(5)(h)
¶32 Rule 4D(3), upon which the Court relies, provides:
Personal service outside the state. Where service upon any person cannot, with due diligence, be made personally within this state, service of summons and complaint may be made by service outside this state in the manner provided for service within this state, with the same force and effect as though service had been made within this state....
¶33 Rule 4D(3) speaks in terms of “service upon any person” outside the state. Likewise, Rule 4D(2)(f) requires due diligence to locate and serve any of the persons designated in Rule 4D(2)(e)-i.e., an officer, director, manager, etc. or the registered agent. Significantly, Plentywood never dealt with any particular person in its prior mailings to Advance, nor did Advance have a designated agent for service of process on file with the Secretary of State. While it is technically correct that Plentywood knew where to locate an authorized person, none of the letters contained in the record that were sent to Advance’s corporate offices were addressed to a particular recipient; rather, the demand letters sent by Plentywood were addressed “To Whom it May Concern” and “Dear Sirs.” It therefore appears that Plentywood was communicating with a corporate entity without the benefit of knowing who, within the company, was an actual officer or manager.
*343 ¶34 The record further establishes and it is undisputed that Advance’s Director of Technical Relations Robert Erhardt, who had investigated the fire on behalf of Advance, had received the previous correspondence from Plentywood, and that he had in turn arranged a prompt response to Plentywood’s letters by one Tim Costello, a representative of its insurer, Traveler’s Insurance Company. The record contains no letters, however, from Erhardt to Plentywood or Plentywood’s insurer, Austin Mutual, nor does the record contain any reference to telephone communications between Erhardt and Plentywood’s representatives. In fact, from the District Court record, the only known contacts Plentywood had with Advance were with its hired investigator and Tim Costello with Travelers, neither of whom was an officer or director of the company and neither of whom could have accepted service of a complaint on behalf of Advance. Therefore, despite “several letters to Advance’s Illinois address,” Plentywood had no personal contact person within Advance. As a result, had Plentywood attempted to effect service under Rule 4D(3), it would have been obliged to pursue the same course-i.e., it would have simply mailed the Summons and Complaint to Advance’s Illinois address, expecting that it would be received as had the previous communications.
¶35 This is exactly the course pursued by the Montana Secretary of State’s office. While under Rule 4D(2)(f), the Secretary of State could have mailed the Summons and Complaint to the Secretary of State of the state in which Advance was originally incorporated, it sent the documentation directly to Advance’s Illinois office-the same Illinois address where Plentywood had previously and successfully sent its letters-and where it was accepted and signed for by a courier hired by Advance.
¶36 Returning again to Russell Realty, we held that Kenneally’s attempt at service of process upon Russell Realty was inadequate to confer jurisdiction over Russell Realty, explaining that Kenneally had not conducted a diligent search within the State prior to initiating service through the Secretary of State. The Court noted that both Kenneally and his attorney Geagan had previously had direct dealings with Russell Realty representatives in Butte, and that the Secretary of State had the name and address of the company’s agent, who was the same agent Kenneally and Geagan had dealt with in a prior land purchase. In other words, Kenneally, with virtually no diligence required, knew whom to serve.
¶37 Here, Plentywood had no “personal” connection prior to service of *344 the Complaint with any particular person from Advance; in fact, it was Advance’s decision-and not Plentywood’s-to funnel all communications from Plentywood directly to Travelers, instead of identifying for Plentywood a named officer or agent of Advance for contact purposes. Additionally, as noted above, the fact that the correspondence from Plentywood and Austin Mutual to Advance, sent to the corporate office address without designation of an individual recipient, had consistently resulted in prompt responses gave Plentywood confidence that service to the corporate address was adequate. Finally, and notably, while Russell Realty never received notice of the suit because the documents were returned undelivered, Advance’s courier accepted service and returned the signed receipt to the Secretary of State.
¶38 As required by Rule 4D(2)(f), Plentywood’s counsel filed an affidavit stating that it had exercised reasonable diligence in attempting to find a Montana address for Advance or to identify and locate an Advance director, manager or agent in Montana to serve. Plentywood further provided, as required by the statute, Advance’s last known address, i.e., its Illinois address. Rule 4D(2)(f) expressly states that an affidavit like the one filed in this case “shall be sufficient evidence of the diligence of inquiry made by affiant, if the affidavit recites that diligent inquiry was made, and the affidavit need not detail the facts constituting such inquiry.”
¶39 The Court faults Plentywood for not using a process server, or in the alternative service by mail with a return acknowledgement form enclosed. However, the Court’s reasoning is wholly circular. The method of service that the Court describes at ¶¶ 22-23 is that which is perfected under Rule 4D(l)(b). If service under this Rule can be accomplished, then a party need not resort to 4(D)(2)(f), which is what was required of Plentywood here, for the reasons cited above. It was because Plentywood did not know the identity of an authorized representative or “the person to be served” that it was forced to turn to Rule 4D(2)(f) in the first place.
¶40 The Court wholly fails to take account of the important fact that Advance’s own courier, who had the authority to sign for certified mail, was the person who signed for and received the Summons and Complaint. Thus, service was in fact accomplished here. Though Advance later argued that its courier should not have accepted the Summons and Complaint, the fact is he was authorized by Advance to do so and did in fact do so. Therefore, unlike the situation in Russell, service here did not fail.
*345 ¶41 Finally, the Court takes Plentywood to task for its failure to inform Advance or Travelers that suit had been filed. Opinion, ¶ 23. In so doing, the Court ignores the fact that service was actually accomplished, and the court file reflected that the return receipt was received. It should go without saying that Plentywood was entitled to rely on the signed return receipt in the court file as proof of service. There is no rule requiring a plaintiff to ignore a return receipt and independently verify receipt of the Complaint. However, we come very close to announcing such a new rule here.
¶42 In sum, I would conclude that Plentywood’s service through the Secretary of State was statutorily authorized and successfully executed in accordance with Rule 4. Moreover, service under both Rule 4D(3) and 4D(2)(f) would effect exactly the same result as was accomplished here-service at the company’s last known address. Therefore, I would conclude the District Court obtained jurisdiction and that it did not err in failing to set aside the default judgment under M. R. Civ. P. 60(b)(4), for lack of jurisdiction. Moreover, I would reach the merits of the case and affirm in all particulars. I dissent from our refusal to do so.
JUSTICE NELSON joins in the dissent of JUSTICE COTTER.